UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

PEARSON EDUCATION, INC.,        :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING, INC. AND      :
THE MCGRAW-HILL COMPANIES, INC.,
                                :
              Plaintiffs,
                                :
      -against-                      09 Civ.
                                :
SORABH KUMAR D/B/A MADHU BALA
D/B/A ORIGINAL_BOOKS D/B/A       :
ORIGINAL_TEXTBOOKS D/B/A TEXT
BOOKS STORE D/B/A ABCBOOKS06     :
D/B/A TEXTX_STORE D/B/A AAR
KAY AND JOHN DOE NOS. 1-5,       :

              Defendants.  :

- - - - - - - - - - - - - - - - - x

                COMPLAINT

      Plaintiffs Pearson Education, Inc. ("Pearson"), John

Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage")

and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their

undersigned attorneys, for their complaint against defendants

Sorabh Kumar d/b/a Madhu Bala d/b/a Original_Books d/b/a

Original_Textbooks d/b/a Text books Store d/b/a abcbooks06 d/b/a

textx_store d/b/a Aar Kay and John Doe Nos. 1 through 5, aver:

                Nature of the Action

      1.   Plaintiffs are bringing this action to enforce

their copyrights and trademarks against defendants' unlawful

sale in the United States of non-United States versions of plaintiffs' educational books.

## Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over the first two claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the third claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4.   Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.   Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

2

6.    Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

7.    McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8.    Upon information and belief, defendant Sorabh Kumar is a natural person currently residing at 74 Glenville Road, Edison, New Jersey 08817.

9.    Upon information and belief, defendants John Doe Nos. 1-5 are associates of the named defendant whose identities are presently unknown to plaintiffs.

<u>The Businesses of Plaintiffs</u>

10.   Each plaintiff publishes a variety of works, including educational books.

11.   As a standard practice, each plaintiff requires its authors to assign the copyright to it or grant it the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

12.   Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make

substantial investments in royalties, content creation,
licensing, copyediting, proofreading, typesetting, layout,
printing, binding, distribution, and promotion.

      13.  Plaintiffs earn a substantial portion of their
revenue from the publication of their copyrighted works and
would suffer serious financial injury if their copyrights were
not enforced.   A substantial decline in their income could cause
plaintiffs to cease publishing one or more deserving books or
journals.   This would adversely impact the creation of new
works, scholarly endeavor, and scientific progress.

      14.  Plaintiffs' educational books authorized for sale
in the United States are of the highest quality (the "United
States Editions").   These books are generally printed with
strong, hard-cover bindings with glossy protective coatings and,
in some cases, contain extra features such as sewn ribbon
bookmarks.   Plaintiffs frequently offer academic supplements,
such as CD-ROMs, computer passwords that provide purchasers with
access to academic websites corresponding to the textbooks, and
study guides with the United States Editions.

      15.  Plaintiffs generally create different versions of
their educational books that are intended for sale in specific
geographic markets outside of the United States (the "Foreign
Editions").   The Foreign Editions materially differ from the
United States Editions.   The Foreign Editions have thinner paper

4

and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions.  Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides.  The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region.  The Foreign Editions are uniformly manufactured outside of the United States.

### Plaintiffs' Copyrights and Trademarks

16.  Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including those identified on Schedule A (the "Pearson Copyrights").  Wiley has generally registered its copyrights in its works, including those identified on Schedule B (the "Wiley Copyrights").  Cengage has generally registered its copyrights in its works, including those identified on Schedule C (the "Cengage Copyrights").  McGraw-Hill has generally registered its copyrights in its works, including those identified on Schedule D (the "McGraw-Hill Copyrights").

17.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

18.  Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson is the direct holder of the well-known trademark "Benjamin Cummings."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well-known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule E.

19.  Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Schedule F.

20.  Among Cengage's well-known trademarks are "Brooks/Cole," "Duxbury Press," and "South-Western" (the "Cengage Trademarks").  The United States Registrations for the Cengage Trademarks are identified on Schedule G.

6

21.   Among McGraw-Hill's well-known trademarks are "McGraw-Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").   The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule H.

<u>The Infringing Acts of Defendants</u>

22.   Defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through the Internet using the e-mail addresses including, but not limited to, original.books@gmail.com, textxstore@gmail.com and the usernames including, but not limited to, "Original_books," "Text books Store," "abcbooks06," "textx_store" and "Aar Kay" at websites including, but not limited to, Abebooks.com and eBay.com.

<u>FIRST CLAIM FOR RELIEF</u>
(Copyright Infringement – 17 U.S.C. § 501)

23.   Plaintiffs repeat the averments contained in paragraphs 1 through 22 as if set forth in full.

24.   Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

25.   Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

26.   Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

27.   McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

28.   The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

29.   Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

30.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

31.   Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

32.   Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

33. Plaintiffs repeat the averments contained in paragraphs 1 through 32 above as if set forth in full.

34. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein. Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

35. Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

36. Cengage owns the Cengage Trademarks, for which it has obtained United States Trademark Registrations.

37. McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

38. The Pearson, Wiley, Cengage and McGraw-Hill Trademarks are valid and enforceable.

39. Defendants have infringed the Pearson, Wiley, Cengage and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them on and/or in connection with the works that they have sold.

40. Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so. The damage to plaintiffs includes harm to their good will and

9

reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Cengage and McGraw-Hill Trademarks or any colorable imitation of them.

41.  Defendants have willfully infringed the Pearson, Wiley, Cengage and McGraw-Hill Trademarks.

42.  Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition Under State Law)

43.  Plaintiffs repeat the averments contained in paragraphs 1 through 42 above as if set forth in full.

44.  Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary

and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Cengage and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Cengage and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement of the

11

Pearson, Wiley, Cengage and McGraw-Hill Trademarks pursuant to
15 U.S.C. § 1117(a);

    E.   Directing that defendants engage in such
additional activities, including, but not limited to, recalls of
products and corrective advertising, as may be necessary and
appropriate to mitigate the damage defendants have caused;

    F.   Awarding plaintiffs their costs in this action,
including their reasonable attorneys' fees pursuant 17 U.S.C.
§ 505 and 15 U.S.C. § 1117;

    G.   Awarding plaintiffs punitive damages in an amount
to be determined by the trier of fact in this action; and

    H.   Granting such other and further relief as to this
Court seems just and proper.

Dated:  New York, New York
       December 23, 2009

                      DUNNEGAN LLC

                      By_____
                      William Dunnegan (WD9316)
                      wd@dunnegan.com
                      Laura Scileppi (LS0114)
                      ls@dunnegan.com
                  Attorneys for Plaintiffs
                      Pearson Education, Inc.,
                      John Wiley & Sons, Inc.,
                      Cengage Learning, Inc., and
                      The McGraw-Hill Companies, Inc.
                  350 Fifth Avenue
                  New York, New York 10118
                  (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u> (<u>Author</u>) (<u>Edition #</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1. The C Answer Book, (Tondo) (Second Edition) (January 23, 1989) (TX-2-494-608).

2. Modern Political Analysis, (Dahl/Stinebrickner) (Sixth Edition) (September 18, 2002) (TX-5-623-689).

3. Philosophy of Religion, (Hick) (Fourth Edition) (January 24, 1990) (TX-2-741-881).

4. Engineering Ethics, (Fieddermann) (Second Edition) (July 29, 2003) (TX-5-758-356).

5. Organizations: Structures, Processes and Outcomes, (Hall/Tolbert) (Ninth Edition) (December 8, 2009) (TX-6-080-204).

6. Linear Algebra, (Hoffman) (Second Edition) (June 14, 1999) (RE-0-809-798).

7. Linear Algebra and Its Applications, (Lay) (Third Edition) (September 28, 2005) (TX-6-226-146).

8. Marketing Research: An Applied Orientation, (Malhotra) (Fifth Edition) (August 8, 2006) (TX-6-378-519).

Schedule B
"Wiley Copyrights"

<u>Title</u> (<u>Author</u>) (<u>Edition #</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1.  Customer Relationship Management: Integrating Marketing
    Strategy and Information Technology, (Zikmund) (N/A) (March
    10, 2003) (TX-5-698-433).

2.  Data Mining: Multimedia, Soft Computing and Bioinformatics,
    (Mitra) (N/A) (November 4, 2003) (TX-5-852-718).

3.  Global Strategy and Organization, (Gupta) (N/A) (July 1,
    2003) (TX-5-755-018).

4.  Linear Algebra, (Lax) (N/A) (February 24, 1997) (TX-4-486-
    872).

5.  MATLAB: An Introduction with Applications, (Gilat) (N/A)
    (June 9, 2003) (TX-5-737-270).

6.  Operations Management, (Russell) (Fifth Edition) (April 13,
    2007) (TX-6-555-695).

7.  Project Management: A Managerial Approach, (Meredith)
    (Sixth Edition) (January 24, 2006) (TX-6-273-440).

8.  Robot Dynamics and Control, (Spong) (N/A) (January 26,
    1990) (TX-2-735-163).

Schedule C
"Cengage Copyrights"

<u>Title</u> (<u>Author</u>) (<u>Edition #</u>) (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Essential Study Skills for Science Students, (Chiras) (First Edition) (October 28, 1999) (TX-5-092-177).

2. Module 7: Listening and Responding, (ORourke/Collins) (First Edition) (January 30, 2006) (TX-6-422-911).

3. Principles of Economics, (Mankiw) (Fourth Edition) (September 29, 2006) (TX-6-434-553).

15

Schedule D
"McGraw-Hill Copyrights"

Title (Author) (Edition #) (Date of Registration) (Registration #)

1. Fundamentals of Corporate Finance, (Ross) (Sixth Edition) (March 28, 2003) (TX-5-701-708).

2. Thermodynamics: An Engineering Approach, (Cengel) (Fifth Edition) (July 25, 2005) (TX-6-204-860).

3. Engineering Electromagnetics, (Hayt) (Seventh Edition) (February 8, 2005)(TX-6-124-951).

4. Vector Mechanics for Engineers: Dynamics, (Beer) (Seventh Edition) (September 28, 2004) (TX-6-037-764).

5. Organic Chemistry, (Carey) (Seventh Edition) (January 22, 2007)(TX-6-510-059).

6. Shigley's Mechanical Engineering Design, (Nisbett) (Seventh Edition)(July 24, 2003) (TX-5-756-926).

7. Organic Chemistry, (Smith) (Second Edition) (April 9, 2008) (TX-6-839-379).

Schedule E
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |
| 12. "Benjamin Cummings" | 2,674,589 | 016 |
| 13. "Benjamin Cummings" | 2,671,773 | 041 |
| 14. "Benjamin Cummings" | 2,671,772 | 041 |
| 15. "Benjamin Cummings" | 2,621,299 | 016 |
| 16. "Benjamin Cummings" | 1,189,279 | 016 |

Schedule F
"Wiley Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "JW" Colophon | 2,168,941 | 009, 042 |
| 2. | "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. | "Wiley" | 2,159,987 | 009, 042 |

18

Schedule G
"Cengage Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "Brooks/Cole" | 3,386,242 | 016 |
| 2. | "South-Western" | 3,493,849 | 016 |
| 3. | "Duxbury Press" | 2,036,544 | 016 |

Schedule H
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |